Opinion issued March 16, 2006














In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00435-CR




ROBERTO ONOFRE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 922297




O P I N I O N
          Appellant was charged by indictment with aggravated sexual assault of a
minor, and the cause was tried to the court. The court found appellant guilty as
charged and assessed punishment at five years in prison. Appellant’s appointed
counsel has filed an Anders brief.



BACKGROUND
          Appellant, a married man with five children, had a relationship with Delia B.
and fathered a son, her third child. In 2002, Delia B.’s 10-year-old daughter (the
“complainant”) made an outcry to Delia B. regarding inappropriate touching by
appellant in her “private.” Approximately two months later, the complainant was
taken to Children’s Protective Services where she was interviewed and examined. 
The examination was inconclusive. Appellant was arrested and charged with
aggravated sexual abuse of a child. 
          Appellant signed a waiver of his right to a jury trial. At trial, appellant’s only
defense was an attempt to show a motivation by Delia B. and her daughter to fabricate
the accusation. After closing arguments and before the trial court announced its
verdict, appellant asked to withdraw his waiver of jury trial. The trial court denied
the request. Appellant’s counsel then requested to withdraw on the basis that
appellant thought he was being unduly pressured by counsel to enter into a plea
bargain. Counsel said that appellant was confused by her presentation to him of the
State’s offers. The trial court explained to appellant, on the record, that it was
common for the plea-bargain process to continue up to the time that a verdict is
reached and that he did not have to accept what was offered, but that counsel was
obligated to convey the offer to him. The trial court denied the motion to withdraw,
and the proceedings continued. The trial court then announced its verdict of guilty.
DISCUSSION
          Appellant’s appointed counsel on appeal has filed an Anders brief, stating that
she has found no arguable points of error to raise on appeal and moving to withdraw
as counsel. See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967). The brief
meets the requirements of Anders by presenting a professional evaluation of the
record and detailing why there are no arguable grounds for reversal. Id. 386 U.S. at
744, 87 S. Ct. 1400; see also High v. State, 573 S.W.2d 807, 810 (Tex. Crim. App.
1978). Appellant has filed a pro se brief. 
          A court of appeals has two options when an Anders brief and a subsequent pro
se brief are filed. Upon reviewing the entire record, it may determine (1) that the
appeal is wholly frivolous and issue an opinion explaining that it finds no reversible
error or (2) that there are arguable grounds for appeal and remand the cause to the
trial court for appointment of new appellate counsel. Bledsoe v. State, 178 S.W.3d
824, 826–27 (Tex. Crim. App. 2005). 
          We have carefully reviewed the entire appellate record. We conclude that there
is no reversible error and that the appeal is wholly frivolous. See id. 
          We affirm the judgment and grant counsel’s motion to withdraw.



 
 
                                                             Sam Nuchia
                                                             Justice

Panel consists of Justices Nuchia, Keyes, and Hanks.

Publish. Tex. R. App. P. 47.2(b).